TROPEZ-KING v. CRESCENT UNDERTAKING & EMBALMING CO., INC.

(December 14, 1931. Opinion and Decree.)

Charles J. Mundy, of New Orleans, attorney for plaintiff, appellee.

Lester Pailet, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sued defendant on a promissory note, dated November 14, 1929, for the sum of $300, bearing 4 per cent interest from date until paid and 10 per cent for attorney's fees.

In its answer, defendant admits executing and signing the note and that the amount thereof is correct, but specially pleads that plaintiff, on November 8, 1930, agreed to extend payment of the note for another year upon payment of $12 accrued interest.

There was judgment in favor of plaintiff as prayed for and defendant has appealed. Plaintiff has answered the appeal and asks for 10 per cent damages for frivolous appeal.

The record shows that the defendant corporation became financially embarrassed and the president prevailed upon some of the stockholders to loan the company certain sums of money for which promissory notes were given. When these notes fell due the company was unable to meet them and the holders of the notes renewed them for an additional year upon the payment of accrued interest. When the new notes were about to mature the president called a meeting of the stockholders, at which meeting he requested the holders of the notes to renew them for another year upon payment of accrued interest, as the company was unable to pay the principal. Some of the stockholders agreed to this plan, but it appears that plaintiff objected to the renewal of her note and demanded settlement in full.

The testimony of plaintiff's witnesses and defendant's witnesses is hopelessly in conflict on this point. Defendant's witnesses testified that plaintiff agreed to extend the note and accept payment of the accrued interest. Plaintiff's witnesses denied the alleged agreement and insisted that plaintiff had demanded payment of her note in full. From the testimony of the various witnesses we gather that they are about of equal intelligence and credibility. We note, however, that the president and the stenographer of the defendant company corroborate the plaintiff in stating that after the alleged stockholders' meeting of November 8, 1930, she called at defendant's office on November 14, 1930, and demanded payment of her note. Such action and conduct on her part was entirely inconsistent with any previous agreement to renew the note upon the payment of accrued interest. This circumstance makes us feel that the weight of the evidence is with the plaintiff. The trial judge who heard and saw the witnesses decided the case in favor of plaintiff, and, since the defense is a special one, and defendant bore the burden of proving it by a preponderance of the evidence, we believe that his finding is correct.

From a careful reading of the record we are convinced that the appeal was taken in good faith and not solely for the purpose of delay and, as a serious question of fact was presented, we have decided to refuse the plaintiff's request for 10 per cent damages for frivolous appeal.

For the reasons assigned the judgment appealed from is affirmed.